UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SEALED INDICTMENT** |
| v. | 26 Cr. |
| VIKTOR SMAJLAJ, | |
| Defendant. | **26 CRIM 0179** |

## COUNT ONE
**(Interstate Stalking Constituting Aggravated Sexual Abuse and Sexual Abuse)**

The Grand Jury charges:

1.      From in or about February 2023 through in or about May 2026, in the Southern District of New York and elsewhere, VIKTOR SMAJLAJ, the defendant, in violation of a temporary and permanent civil and criminal injunction, restraining order, no-contact order, and other order described in Section 2266 of Title 18, United States Code, with the intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person who was under the age of eighteen years, used the mail, an interactive computer service and electronic communication service and electronic communication system of interstate commerce, and another facility of interstate and foreign commerce to engage in a course of conduct that (A) placed that person in reasonable fear of the death of and serious bodily injury to that person, an immediate family member (as defined in section 115) of that person, a spouse and intimate partner of that person, and (B) caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to that person, an immediate family member (as defined in section 115) of that person, and a spouse and intimate partner of that person, and the offense would constitute an offense under chapter 109A (without regard to whether the offense was committed in the special maritime and territorial jurisdiction of the United States or in a

Federal prison), specifically, offenses under 18 U.S.C. §§ 2241 and 2242, to wit, SMAJLAJ, who was between twenty-nine and thirty-one years old, while in the Bronx, New York, used social media websites, text messages, phone calls, and other means (i) to threaten to kill, to commit physical violence against, and to kidnap a teenage girl (the "Minor Victim"), who was between sixteen and nineteen years old, (ii) to threaten to commit physical violence against her mother, and (iii) to commit other forms of extortion in an effort to coerce the Minor Victim to remain in an abusive sexual relationship with SMAJLAJ against her will, a portion of which conduct violated temporary and permanent protective orders entered against SMAJLAJ in Bronx County Criminal Court.

(Title 18, United States Code, Sections 2261A(2), 2261(b)(4), 2261(b)(6), and 2261B.)

## COUNT TWO
### (Kidnapping of a Minor)

The Grand Jury further charges:

2.    In or about July 2024, in the Southern District of New York and elsewhere, VIKTOR SMAJLAJ, the defendant, knowingly and unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, and carried away and held for ransom and reward and otherwise the Minor Victim, and the Minor Victim was willfully transported in interstate and foreign commerce, and SMAJLAJ traveled in interstate and foreign commerce and used the mail and a means, facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of committing the offense, and attempted to do so, to wit, SMAJLAJ used a cellphone to arrange a meeting with the Minor Victim outside his apartment building in the Bronx, New York, and when the Minor Victim arrived, SMAJLAJ dragged the Minor Victim into his

apartment, physically assaulted her, and kept her in his apartment against her will until he fell asleep the next morning, at which time the Minor Victim escaped.

3.    At the time of the offense, the Minor Victim had not attained the age of eighteen years, and VIKTOR SMAJLAJ, the defendant, had attained such age, and was not a parent, grandparent, brother, sister, aunt, uncle, or individual having legal custody of the Victim, in violation of Title 18, United States Code, Section 1201(g)(1).

(Title 18, United States Code, Sections 1201(a)(1), (d), and (g)(1).)

## COUNT THREE
### (Coercion and Enticement of a Minor)

The Grand Jury further charges:

4.    From at least in or about February 2023 through at least on or about August 20, 2023, in the Southern District of New York and elsewhere, VIKTOR SMAJLAJ, the defendant, knowingly, using a facility and means of interstate and foreign commerce, persuaded, induced, enticed, and coerced an individual who had not attained the age of eighteen years to engage in sexual activity for which a person can be charged with a criminal offense, to wit, SMAJLAJ, who was at least twenty-nine years old, while in the Bronx, New York, used social media websites, text messages, and phone calls to successfully cause the Minor Victim, who was sixteen years old, to have sex with him, in violation of New York Penal Law Sections 130.25(2) (third-degree rape), and/or 130.55 (third-degree sexual abuse).

(Title 18, United States Code, Section 2422(b).)

## FORFEITURE ALLEGATIONS

5.    As a result of committing the offense alleged in Count Two of this Indictment, VIKTOR SMAJLAJ, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any and all

3

property, real and personal, which constitutes or is derived from proceeds traceable to said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

6.      As a result of committing the offense alleged in Count Three of this Indictment, VIKTOR SMAJLAJ, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to commit or facilitate the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

7.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty;

4

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and

Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 2428;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
JAY CLAYTON
United States Attorney